900 So.2d 865 (2005)
Estelle W. COOK, Individually and Lorraine Cook Denina, Sheron Cook Bayard and Kim Cook Leger on Behalf of Estelle W. Cook
v.
JEFFERSON PARISH HOSPITAL SERVICE DISTRICT NO. 2 d/b/a East Jefferson General Hospital.
No. 04-CA-17.
Court of Appeal of Louisiana, Fifth Circuit.
March 1, 2005.
Christopher J. Bruno, New Orleans, LA, for Plaintiff/Appellee.
Thomas P. Anzelmo, Sr., Jacqueline Blankenship, McCranie, Sistrunk, Anzelmo, Hardy, Maxwell & McDaniel, Metairie, LA, for Defendant/Appellant.
Panel composed of Judges SOL GOTHARD, SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.

ON REMAND
The plaintiffs filed suit for damages alleging that East Jefferson General Hospital breached the standard of care by failing to implement a falls care plan upon admission to the hospital of their mother. The trial court entered judgment in favor of plaintiffs, and East Jefferson appealed. This court affirmed the trial court's award of damages based on the findings that East Jefferson breached the applicable standard of care; however it held that the plaintiffs were not entitled to medical expenses written-off by the hospital pursuant to the Medicare program. Plaintiffs' application for writ of review was granted by *866 the Louisiana Supreme Court, who remanded the issue of entitlement to medical expenses for reconsideration in light of Bozeman v. State, DOTD, 03-1016 (La.7/2/04), 879 So.2d 692.
In Bozeman, the Louisiana Supreme Court held that under the collateral source rule, a plaintiff's damages did not include the amount that health-care providers wrote off when accepting Medicaid as payment in full. The Court examined the collateral source rule,
The collateral source rule is a rule of evidence and damages. Under the collateral source rule, a tortfeasor may not benefit, and an injured plaintiff's tort recovery may not be reduced, because of monies received by the plaintiff from sources independent of the tortfeasor's procuration or contribution.
The major policy reason for applying the collateral source rule to damages has been, and continues to be, tort deterrence. The underlying concept is that tort damages can help to deter unreasonably dangerous conduct. Tort deterrence has been an inherent, inseparable, aspect of the collateral source rule since its inception over one hundred years ago.
The court noted that three approaches have been taken by the courts in deciding whether or not to apply the collateral source rule to Medicaid write-offs.
The first approach is the "reasonable value of services" approach. This approach awards the plaintiff the entire amount of the medical expenses that were billed, including those amounts that were written off by healthcare providers.
The second approach is the "actual amounts paid". This approach denies the plaintiff recovery of the write-off amounts, reasoning that the plaintiff did not incur the write-off amount, and therefore recovery of that amount would result in a windfall for the plaintiff.
The third approach is the "benefit of the bargain" approach. This method awards the plaintiff the full value of their medical expenses, including the write-off amount, in cases where the plaintiff has paid some consideration, such as private insurance, which inures to the benefit of the write-off amounts. The rationale behind this approach is that "to the extent that the write-offs were procured through the payment of premiums, they cannot properly be considered a windfall. Rather, the write-off amount was viewed as a benefit to plaintiff's contractual bargain with her insurance provider." At page 703-4, citing Griffin v. The Louisiana Sheriff's Auto Risk Assoc., 99-2944 (La.App. 1 Cir. 6/22/01), 802 So.2d 691, 715.
In the Bozeman opinion, the Louisiana Supreme Court adopted the "benefit of the bargain" approach, stating that
We embrace this reasoning for plaintiffs who have paid some consideration for the collateral source benefits, including the "write-off." In the case sub judice, this conclusion would prohibit the plaintiff, a Medicaid recipient, from recovering the "write-off" amount. Several courts have distinguished Medicaid benefits from Medicare and private insurance.
* * *
After careful review, we conclude that Medicaid is a free medical service, and that no consideration is given by a patient to obtain Medicaid benefits. His patrimony is not diminished, and therefore, a plaintiff who is a Medicaid recipient is unable to recover the "write-off" amounts. The operative words here are "free medical care," which, again, we hold is applicable to plaintiffs who receive *867 Medicaid, not plaintiffs who receive Medicare or private insurance.
In brief to this Court, East Jefferson General Hospital argues that in this case, where it is both the tortfeasor and the health care provider, it will be required to pay twice if cast in judgment for the full value of medical treatment. While we agree, we are constrained to follow the Louisiana Supreme Court's edict in Bozeman, supra. From the above quoted language in Bozeman, it seems clear that the Louisiana Supreme Court would allow a plaintiff who has private insurance or Medicare to recover write-off amounts, as a benefit of the bargain between the plaintiff and Medicare, regardless of the identity of the tortfeasor.
Accordingly, we vacate that portion of our prior judgment that deletes the special damages award for medical expenses that were "contractually adjusted" or "written-off" by East Jefferson General Hospital, pursuant to Medicare, and we affirm the judgment of the trial court.
AFFIRMED.